U.S. v. David Martinez-Rodriguez. Thank you, Your Honors. Your Honors, put simply, the primary issue here is that the district court incorrectly enhanced Mr. Martinez's advisory guidelines offense level by 16 levels. It did so through a clear misinterpretation of the advisory sentencing guidelines. However, before I address this issue, I would like to, with the Court's permission, request that in light of the withdrawn opinion in Vidal in the pending en banc decision that Mr. Martinez's argument regarding the overbreadth of California Penal Code Section 11359 and exceeding and abetting accessorial liability be preserved. That's on page 28 and 29 of Mr. Martinez's opening brief. All right. Thank you, Your Honor. Now, that being said, I would like to turn to the 16-level enhancement issue. Basically, to begin, the district court looked at sentencing guidelines Section 2L1.2, which is the guidelines provision for a violation of Section 1326. Now, in that chapter, at B1A subsection 1, Mr. Martinez's offense level was enhanced for a drug trafficking offense for which the sentence imposed exceeded 13 months. Now, when you go to the definitions in Chapter 2L1.2 in B subsection 7, it tells you that the definition of sentence imposed is to be found in subsection B of Section 4A1.2 of the guidelines. So essentially, it points you to Chapter 4, and under 4A1.2 subsection B, it says you will find the definition of sentence imposed there. When you go to Section 4A1.2, it tells you that the sentence of imprisonment is defined as the maximum sentence imposed or the portion of the sentence that was not suspended. Now, in 4A1.2, at Application Note 11, which is the crux of Mr. Martinez's argument and I think where the misinterpretation occurred, it states that where a revocation of probation is based upon the same violation conduct, it is to enhance the custodial sentence of the sentence. And that's pivotal, because the sentence, of course, is singular. So Application Note 11 in 4A1.2 tells you that when you have multiple sentences and then subsequently you have a revocation of probation that arises from the same violation conduct as it did in Mr. Martinez's case, which is Appendix B of his opening brief, demonstrates that it was the same violation conduct, then the custodial sentence imposed upon that revocation is to apply to the underlying sentence. That means one of them. Now, the issue is how the issue is, I think the government's 28J later misses the issue, because the issue is not whether a revocation of probation augments the underlying sentence. Mr. Martinez is not arguing that. What he is arguing is that how the revocation sentence is applied, how it is used to augment underlying sentences. And the language is crystal clear in Application Note 11. There's even an example in Application Note 11 that tells you if there are two sentences and one is a straight probationary sentence and the other is a 45-day custodial sentence with probation, and subsequent to that there is a revocation of probation arising from the same conduct and a 45-day custodial sentence is imposed, you take that custodial sentence and you apply it to the 40 or to the underlying case that had a custodial sentence. You do not apply it to the straight probationary sentence. In other words, you do not augment the straight probationary sentence. You only augment the underlying sentence that had the custodial sentence, because this results in the highest criminal history points. Now, what is not in that Application Note is any mention of offense level. And I think the government's case, Moreno-Cisneros, which they submitted in its 28-J letter, was its 2003 case, which occurred long before Mr. Martinez's sentencing, which was in August 25th, 2005. Now, I think that given Application Note 11 and how it tells you to apply probation revocation sentences, that given Mr. Martinez's case, it's clear that the district court arbitrarily applied that to either all three cases or at the very least two of them. Now, Mr. Martinez had three underlying cases. They were sentenced on the same day, on February 7th, 1992. The first case, 15-3302, was for a violation of California Penal Codes, Section 11-350 and 11-360. As cited in Mr. Martinez's brief, those are overbroad and those do not qualify as a drug trafficking offense. The other two cases, 15-3303 and 15-3304, in the Santa Clara County Court, were for violations of 11-359. Now, Mr. Martinez does not waive his argument that those were overbroad under aiding and abetting and the other briefed issues. However, assuming that the 11-359s qualify as drug trafficking offenses. Well, the aiding and abetting matters have been pretty much limited to theft offenses. We haven't gone beyond theft offenses. Well, Your Honor, I believe that I would still make that argument and ask to preserve that. I think it's of particular note in Mr. Martinez's case, and I understand the Court's point that Mr. Martinez has underlined two cases for the 11-359s. Theft requires personal involvement. Drug trafficking, in some instances, does not. That's correct, Your Honor. It may have a difference there. There might be, Your Honor. I think it's of particular importance because the two 11-359 convictions arose from cases that involved three co-defendants and involved a residence that Mr. Martinez shared with at least three other people. And so I would ask to preserve that issue. However, going back to the revocation argument, and assuming, Your Honor, assuming that the 11-359s would qualify, the district court took the probation revocation and applied it to the 11-359s rather than choosing, rather than applying it to Case 15-3302, which was for the violations of 11-350 and 11-360 of the California Penal Code, which would not result in a 16-level enhancement. So, put simply, the district court was facing the issue of Mr. Martinez had three cases, each of which he received a four-month custodial sentence. Mr. Martinez, on September 16, 1993, had a revocation of probation for the same conduct on all three cases. A two-year custodial sentence was imposed. Now, the district court was to take that two-year custodial sentence and apply it to the sentence that yielded the highest criminal history points, not offense level. Now, the district court made a decision to take that two-year custodial sentence and, first of all, apply it to more than one case, which is in direct contravention of the Application Note 11 to Section 4A1.2. But, not only that, but it chose to take that two-year custodial sentence and apply it to the underlying four-month sentence that yielded the highest offense level. That's nowhere in the Guidelines. It's, in fact, by negative implication, not included at Application Note 11. It's just not there. Well, the Guidelines are merely advisory today. And don't we just look for the sentence imposed to determine whether it's reasonable or not? Well, yes, Your Honor. However, under Cantrell and other cases in the circuit, it's a two-step process. And the first is to determine whether the advisory guidelines were correctly calculated. They were not correctly calculated here. And, therefore, that's the step that I think I'm addressing. Yes, they are advisory and, yes, 3553A controls. However, the first step under Cantrell is to do the correct calculation. And with that, Your Honor, I would like to ask to reserve some time for rebuttal. Thank you. Thank you. May it please the Court. Marcel Stewart on behalf of the United States. Your Honor, last night I realized that this issue has been mischaracterized for this Court. In effect, there was actually a fourth case, a fourth conviction, that the Court used as a Plus 16 enhancement. That conviction was a conviction for cocaine. The reason why I know that, Your Honor, is that I went over the – last night I went over the transcript for the sentencing. And I read closely. And in the transcript, what you found is that August – the first August 15th sentencing transcript, the government introduced, by way of both its sentencing summary chart and accompanying sentencing summary chart conviction documents, a conviction for cocaine selling in violation of 11352A. At that time, Your Honors, defense counsel objected to that as being a Plus 16, arguing that it, in fact, was overbroad. Now, the Court at that time agreed with government counsel, saying that, in fact, it believed that it was not – that it was appropriate for a Plus 16. However, the Court continued the matter so that defense counsel could review the conviction docs for the three convictions that are before this Court. And I believe erroneously before this Court. Now, on August 25th, 2005, when we had the final sentencing in this case, the government, again, relied solely on one conviction, which is represented in Exeter of the Record 175, and where the Court agreed in 176. That's the first sentencing. Then later, in Exeter of the Record 185. How does all this factor into the computation? I mean, you came across this last night. Yes. But, you know, when you're dealing with the federal defenders of San Diego, you're dealing with a group of probably the finest lawyers in this state. And they don't leave anything out. They don't leave any stone unturned. Actually, Your Honor, I believe here, this was left out. And this is critical because the Court's sentencing was based on this 11352A and not on the three convictions that are before the Court. And that's critical because the defendant pled guilty to selling and in the charging document indicated the defendant sold, actually, cocaine. And that is a plus 16, Your Honor. And that is the conviction that is the basis for the 16-level enhancement, not the three convictions that have been represented in the briefs. And I can point the Court's attention... Counsel, I have a question, if I may, please. Yes, Your Honor. So, does the Appellant's Counsel, have they heard the government's position on this before your argument right now? I just learned of it last night, Your Honor, so that would be no. Okay, so here's my question. Should we permit the government and the defender to submit supplemental briefs on this issue? I believe that might be appropriate, Your Honor, because at this point I believe the Court is working under a misconception, and that misconception is probably the fault of both counsel here in this case. Now, I will address as well, if the Court would like, the three convictions that are briefed in the brief, but I would want the Court to know, however, that the actual sentencing was based on a completely different conviction that this Court has not been presented with. Now, with regard to the... Let me pause there. I mean, I've been going back through and rereading the transcript. Does the Court ever clearly specify what it is the Court relies upon? And I understand. I look at the government's argument. In fact, I don't think I picked up before the reference to cocaine, but it does appear the government's talking about something different, but I can't see where the Court makes clear what it's relied upon. I think, Your Honor, the way that we know which conviction the Court relies upon is that the Court, one, indicated it reviewed the sentencing summary charts and the conviction docs. And then the specific conviction, the sole conviction that is discussed in that sentencing is the cocaine conviction, the sole conviction. And directly after that conviction is discussed by government counsel, the Court makes a determination that, in fact, this defendant has been convicted of an aggravated drug trafficking conviction. But isn't it part of the government's duty at sentencing to make sure that everything's done correctly? It's part of your job, right? That's correct, Your Honor. That didn't happen here. Well, Your Honor, I believe that, in fact, it did happen here because both in the initial sentencing on August 15th, the government submitted solely these conviction docs with the sentencing summary chart and solely based the plus 16 on the cocaine conviction. Then subsequently, on the August 25th, 2005 sentencing, the final sentencing, the government again solely relied on that conviction and again solely discussed that conviction. And, in fact, the Court directly thereafter found that a plus 16 was applicable. So, Your Honor, I believe that the three convictions that are before this Court clearly are not the convictions that the district court relied on on the plus 16. However, if Your Honors would like, I will nevertheless address those convictions. Well, I think I'd like to hear you address them, although I don't, at least from my point of view, I think I'm going to want to see supplemental briefing on a new theory of the case, but I don't know how the panel feels. But why don't you address what was previously briefed? The critical issue, Your Honors, with regard to whether the revocation sentence was properly applied to the 11359 is that, Your Honors, in chapter 4 of the sentencing guidelines, that deals with criminal history category. And it's clear there that when you're dealing with criminal history category, that it's necessary to allocate a revocation sentence to a certain conviction to a very large extent to avoid over-representation of criminal history. That is the purpose there. The purpose was not to prevent the government from being able to augment a sentence, a properly augmented sentence that was revoked. In this case, the 11359s were revoked. The defendant received an additional two-year sentence on those cases. And as such, that is a proper – as such, at that point, those convictions of the 11359 were then more than 13 months. So they qualified as drug-trafficking offenses. And I would submit, Your Honor, that in Moreno v. Narrows, that this rationale is made very, very clear because there, the Court really compares those two provisions and suggests that, in fact, they're analogous, not that chapter 4 governs to the 2L1.1, but they're analogous. And they're analogous to the extent that you can use a revocation to augment an early conviction. How did the probation report treat this revocation? You know, they're the ones that do all these computations. They no longer worry about rehabilitating people, supervising them. They're all mathematicians now. And so how did they deal with this prior cocaine conviction in the pre-sentence report? To put it plain, Your Honor, I believe they dealt with it incorrectly. The probation department decided and actually agreed with defense counsel that the 11352A was not categorically a plus 16. Didn't the government get up and tell the judge that the probation department treated that incorrectly? Well, that occurred, Your Honor. The probation department did not do that in court. They did that in their sentencing, in their response to the government's, to the defense counsel's objections. However, what the government did do is the government clearly argued in both sentencings, in both the original sentencing and then the final sentencing, that it was relying on the cocaine and that it was a plus 16. So the government made this argument, Your Honor, in both cases. Now, back with regard to, Your Honors, I actually would also like to briefly speak about a couple other issues that are before this court. The issue on the fourth. Did the trial, did the sentencing judge on the record state that he was factoring in the prior cocaine conviction? What he, the. Did he do that? He didn't state specifically, but the reason why, Your Honor, you know that it's clear is that before the sentencing was continued in the first. He just wanted us to have more issues on appeal. Well, in the first, on the first sentencing, Your Honor, the court did say in response to the government's proposition that the cocaine conviction was a plus 16. The court agreed with the government on extra of the record 176. And so then when you get to the final sentencing after the continuation, again, the government proposed to the court the plus 16 here is the cocaine conviction, 11352A. Argued that. The court had those documents. And directly after, the court determined that it was a plus 16. The court never heard during that sentencing hearing any argument, any substantive argument about any of the other convictions. What I will say, though, is that defense counsel did preserve its arguments with regard to all that they weren't categorically plus 16. But the government specifically argued on extra of the record 180, I believe, that the cocaine conviction was the plus 16. And then the court found that it was, in fact, I believe, plus 16, Your Honors. Your Honors, may I briefly speak about the other issues? Or would you like to hear about those? Well, your time's up. Okay. Thank you, Your Honor. You've covered all those in your brief. Your Honors, I, from the defense perspective, Mr. Martinez's perspective, I don't think that supplemental briefing is required because I can deal with the issue swiftly and succinctly. On page 7 of the pre-sentence report, the cocaine conviction was referenced. The conviction documents were presented to the court. The addendum to the pre-sentence report on page 3, at Guideline Dispute Number 3, says, It appears the defendant is correct that his conviction for transportation sale of a controlled substance, 11352A, is not by definition a drug trafficking offense. It was dealt with in the district court. Finally, at ER 180, the district court stated the court has had an opportunity to review the conviction records with reference to Mr. Martinez. All of these were submitted to the district court. The district court clearly made a finding that that cocaine conviction did not qualify as a plus 16. Where? I'm sorry? Where is that finding? Your Honor, it's in the PSR because what happened was the district court reviewed at the first sentencing hearing, defense counsel asked for the conviction records. The district court took those conviction records, made all of them part of the record. The government argued that the cocaine conviction was a plus 16. Defense counsel argued that it was not. And therefore, the argument was clearly before the district court, the district court resolved it. I think the emphasis is being taken away from the primary issue by the government. Where in the record do we find that resolution? Your Honor, I could point to it in the ER. When the district court pronounced the sentence, it found that there were two convictions, I believe, that qualified for the plus 16. The cocaine conviction was resolved, Your Honor, because it was briefed. It was briefed by both parties and it was argued by both parties. And so I think that there's no question it was before the district court and that the district court said, I have reviewed the conviction records, including the cocaine conviction, and concluded that the two 11359 cases qualified for the plus 16. And again... Counsel, that may be different, though, than the court saying that the cocaine conviction does not qualify. You know, is there a specific finding that it doesn't qualify? I'm sorry, Your Honor? Is there a specific finding that the cocaine conviction does not qualify? A finding of the district court? There's not an articulated finding, Your Honor. I'm going on the basis that the district court adopted the pre-sentence report and the findings in the pre-sentence report. If that is the supplemental briefing issue, I would be happy to submit documents. However, again, I think that the pre-sentence addendum, again, Your Honor, the calculations submitted by the probation officer were adopted by the district court. And again, Your Honors, I think it is taking away from the main issue here, which is the application note 11 of 4A1.2, which is how are revocation, probationary revocation sentences applied on multiple sentences. And with that, Your Honor, I'll submit. We'll let you know whether we'll need additional briefing or not. Thank you, Your Honor. The matter is submitted.
judges: Pregerson, Gould, Clifton